# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IMANI HILL,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| **KLM RESTAURANT CORPORATION** | : | **No. 24-CV-01121** |
| **d/b/a CHICK-FIL-A,** | : | |
| *Defendant.* | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                       **JUNE 5, 2024**

The Court writes for the benefit of the parties and will assume the parties' familiarity with the facts and nature of this case.[1]

Defendant moved to dismiss (ECF No. 10) Count III – allegations of sex discrimination, disability discrimination, and retaliation in violation of the Pennsylvania Human Relations Act ("PHRA") – in Plaintiff's original Complaint (ECF No. 1), on the grounds that Plaintiff has failed to exhaust her administrative remedies under the PHRA. Plaintiff did not file a response. Instead, Plaintiff filed an Amended Complaint (ECF No. 11) as of right. However, Plaintiff's Amended Complaint fails to address or remedy Count III's defects, as raised by Defendant in their Motion to Dismiss. Thus, because the Court finds merit to Defendant's position that Plaintiff has failed to exhaust her administrative remedies under the PHRA, the Court will dismiss Count III of the Amended Complaint, for the reasons discussed below.

---

[1] *See Jacobs v. Mayorkas*, 2021 WL 1979436 at * 1 (E.D. Pa. May 18, 2021).

A motion to dismiss is appropriate if there is a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Here, because Defendant's claim that Plaintiff has failed to exhaust her administrative remedies under the PHRA is "'in the nature of statutes of limitation' and 'does not affect the district court's subject matter jurisdiction,' this issue is best resolved under Rule 12(b)(6)." *Tlush v. Mfr.'s Res. Ctr.*, 315 F. Supp. 2d 650, 654 (E.D. Pa. 2002) (quoting *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999)).

In employment discrimination cases involving the PHRA, claims must first be brought to the Pennsylvania Human Relations Commission ("PHRC"). The PHRC then has one year of exclusive jurisdiction to investigate the claim. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001); *see also* 43 Pa.C.S. § 962(c)(1). A complainant cannot file suit until they have exhausted their administrative remedies with the PHRC during that one-year period. *Burgh*, 251 F.3d at 471 (citing *Anjelino*, 200 F.3d at 87).

Here, Plaintiff, a female employee at Defendant's restaurant, dual-filed claims of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the PHRC on October 30, 2023. ECF No. 1 ¶ 15. The EEOC issued its Notice of Right to Sue on December 22, 2023, which gives a complainant 90 days to file suit in either federal or state

court. ECF No. 1 ¶ 16. Plaintiff filed her complaint on March 14, 2024, ECF No. 1. Defendant then moved to dismiss Plaintiff's claims in Count III on the grounds that Plaintiff had failed to exhaust her administrative remedies with the PHRA. ECF No. 10. Plaintiff did not respond to Defendant's Motion to Dismiss, and instead filed an Amended Complaint on June 4, 2024. ECF No. 11. The PHRC still has not issued a response, however, and the PHRC's exclusive jurisdiction of one year to resolve the claim has still not expired.

This case parallels *McCreary v. Adult World, Inc.*, where the plaintiff dual-filed claims with the EEOC and PHRC, received a Notice of Right to Sue from the EEOC only, yet filed both claims in federal court before the PHRA's one year of exclusive jurisdiction had lapsed. No. CV 23-4332, 2024 WL 1494169, at *2 (E.D. Pa. Apr. 4, 2024). There, the court granted Defendant's motion to dismiss the PHRA claim without prejudice, allowing Plaintiff to file an amended complaint following exhaustion of the appropriate administrative remedies. *Id.* at *7. Here, despite receiving the Notice of Right to Sue from the EEOC, Plaintiff's PHRA claim in both her original Complaint, as well as her newly filed Amended Complaint, is premature because the PHRC has neither dismissed nor investigated the matter within one year. 43 Pa.C.S. § 962(c)(1). Thus, Defendant's Count III is dismissed.

                                          **BY THE COURT:**

                                          /s/ Chad F. Kenney
                                          _____
                                          **CHAD F. KENNEY, J.**